**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENSON A. GUZMAN DIAZ, as Personal**
**Representative of the Estate of Jenmarie**
**Guzman Gonzalez,**

        **Plaintiff,**

**-vs-**                               **Case No. 6:08-cv-1009-Orl-31GJK**

**FOUNTAIN PARK PARTNERS,**
**WESTMONT HOSPITALITY GROUP,**
**INC., AND AMERICAN GUARANTEE**
**AND LIABILITY INSURANCE**
**COMPANY,**

        **Defendants.**
_____/

# ORDER

This matter came before the Court upon consideration of Plaintiff's Second Motion to Remand (Doc. 31) and Defendants' response in opposition thereto (Doc. 32).

**I. Background**

On May 15, 2008, Plaintiff, Jenson A. Guzman Diaz ("Plaintiff"), filed a wrongful death action in the Ninth Judicial Circuit Court in and for Osceola County against Defendants, Fountain Park Partners ("Fountain Park"), Westmont Hospitality Group, Inc. ("Westmont"), and American Guarantee and Liability Insurance Company ("American Guarantee") (collectively the "Defendants"). In his Complaint, Plaintiff has alleged that the decedent, his twelve-year-old daughter, drowned after an accident in a swimming pool owned and managed by Fountain Park and Westmont, respectively.

With the consent of American Guarantee (Doc. 1, Ex. D), Fountain Park and Westmont removed the State court action to federal court on June 20, 2008, predicating removal upon 28 U.S.C. § 1332 (diversity of citizenship) (Doc. 30 at 2).  Plaintiff is a citizen of Puerto Rico.[1] Fountain Park is a Delaware limited partnership with its principal place of business in Texas.  One of Fountain Park's general partners is Fountain Park Enterprises, Inc.,[2] a Florida corporation with its principal place of business in Texas.  Fountain Park is therefore a citizen of Delaware, Texas, and Florida.  Westmont is a Texas corporation with its principal place of business in Texas.  American Guarantee is a New York corporation with its principal place of business in Illinois.  Accordingly, none of the Defendants are citizens of Puerto Rico and there is complete diversity between the parties.

In his Motion to Remand, however, Plaintiff contends that this Court lacks diversity jurisdiction and should remand this action to the State court for three reasons: (1) the removal was untimely under 28 U.S.C. § 1446(b); (2) contrary to 28 U.S.C. § 1441(b), one of the Defendants is a citizen of the state in which the State court action was brought; and (3) the amount in

---

[1] Plaintiff does not identify his, or, more importantly, the decedent's state of citizenship in his Complaint.  Defendants aver in their Amended Notice of Removal that Plaintiff, the decedent's father, is a citizen of Puerto Rico.  (Doc. 30 at 2).  Plaintiff does not deny this allegation.  Neither party, however, has alleged the decedent's state of citizenship.  In a wrongful death action, it is the citizenship of the decedent - not the citizenship of the legal or personal representative of the decedent's estate - which determines the citizenship of the plaintiff.  *See* 28 U.S.C. § 1332(c)(2).  Nevertheless, unless otherwise called to the attention of the Court, there is simply nothing in the record indicating that the decedent - like her father - is anything other than a citizen of Puerto Rico.

[2] Importantly, Fountain Park Enterprises, Inc. is not a named party in this case; nor has it been served by the Plaintiff.  As Plaintiff correctly points out, however, a partnership is a citizen of any State in which it has either a general or limited partner.  *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990).

controversy fails to exceed the $75,000.00 minimum in 28 U.S.C. § 1332(a).  The Court addresses each of these arguments, in turn, below.

## II. Analysis

Unlike State courts, federal courts are courts of limited jurisdiction "They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction.  *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936). Furthermore, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand.  *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### A. Timeliness of Removal

The parties agree that a defendant must remove an action within thirty (30) days after "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...."  28 U.S.C. § 1446(b).  However, Plaintiff disputes the date of "service or otherwise" on which the thirty (30) day clock began to run in this case.  Specifically, Plaintiff contends that he "sent a request via facsimile to Defendant's [sic] counsel[3] requesting that he accept service of the complaint on behalf of their [sic] clients" on May 13, 2008  (Doc. 31, Ex. A).  Without any

---

[3] Both Fountain Park and Westmont are represented by the same counsel. (Doc. 1 at 6).

citation to authority, Plaintiff argues that this May 13, 2008 'request' should trigger the thirty (30) day clock under Section 1446(b).[4] The Court has reviewed the 'request' and the May 22, 2008 response to same by counsel for Defendants (in which he agreed to accept service on behalf of Fountain Park and Westmont). Completely lacking in the 'request' or included with same is a copy of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based..." - an essential requirement under the plain language of 28 U.S.C. § 1446(b).

---

[4]Plaintiff also argues that because the Defendants moved to amend the Notice of Removal on July 25, 2008 and subsequently filed an Amended Notice of Removal on August 18, 2008, removal was not effected until well after thirty days. (Doc. 31 at 8-9). This argument is wholly without merit. Not only did the Court specifically grant Defendants leave to amend (Doc. 28), but such an amendment should relate back to the filing of the original notice of removal. A notice or petition of removal has been referred to as a "pleading," *Little York Gold Washing & Water Co. v. Keyes*, 96 U.S. 199, 202 (1877), which under 28 U.S.C. § 1446 must contain a "short and plain statement of the grounds for removal...." *Compare* FED. R. CIV. P. 8(a) (requiring complaints to include, *inter alia*, a "short and plain statement of the grounds for the court's jurisdiction...."). Accordingly, under FED. R. CIV. P. 15(c), Defendants' amendment to the Notice of Removal may relate back to the original notice. *See*, *e.g.*, *Kingman v. Sears, Roebuck & Co.*, 526 F.Supp. 1182, 1185 (D.Me. 1981)("Matters of form and technical defects and even a defective statement of jurisdictional grounds (in a removal petition) are subject to amendment" under FED. R. CIV. P. 15(a)) (citations omitted); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008)(noting that "While a notice of removal is not a pleading as defined by Federal Rule of Civil Procedure 7(a), [the] language in § 1446(a) is deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure.") (citations omitted). While there is a split of authority on this issue, *see*, *e.g.*, *Hawaii v. Abott Labs., Inc.*, 469 F.Supp.2d 842 (D. Haw. 2006), the Court holds that, at least for the limited purpose of establishing the date of removal under § 1446(b), an amendment to a notice of removal may - as it does here - relate back to the original notice under FED. R. CIV. P. 15(c). As an alternative basis for rejecting Plaintiff's amendment argument, the Court hereby revises its August 13, 2008 Order (Doc. 28) granting Defendants leave to amend their Notice of Removal by exercising its inherent authority to render that Order *nunc pro tunc* as to the filing date of the Amended Notice of Removal. By granting Defendants leave to amend their Notice of Removal, the Court had no intention of depriving the Defendants of their statutory right to a federal forum. Accordingly, the Amended Notice of Removal will be treated as if it were filed on same day as the original Notice of Removal (i.e., June 20, 2008).

Having reviewed all the filings and exhibits in this case, the Court finds that none of the Defendants nor their counsel received a copy of the initial pleading or summons until at least May 22, 2008, when, despite Defense counsel's willingness to accept service, a process server effected service upon Fountain Park (Doc. 32, Ex. C). As a result, Fountain Park and Westmont's removal on June 20, 2008 was timely under 28 U.S.C. § 1446(b).[5]

### B. Diversity and the Forum Defendant Rule

Pursuant to 28 U.S.C. § 1441(b), actions founded upon diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" (the so-called "forum defendant rule"). While there is no dispute that there is complete diversity between the Plaintiff and the Defendants under Article III, Section 2 of the Constitution, Plaintiff contends that, because Fountain Park's general partner, Fountain Park Enterprises, Inc., is a citizen of Florida, § 1441(b) prohibits removable. Plaintiff's contention, however, belies the plain meaning of the statutory text and the facts of this case. Fountain Park Enterprises, Inc. is simply not a party in interest which has been "properly joined and served" as a defendant. Although the Court has not previously addressed this issue, it is persuaded by the well-reasoned opinion of Judge Cohn in *Bolin ex rel. Bolin v. SmithKline Beecham Corp.*, 2008 WL 3286973 (S.D. Fla. Aug 7, 2008), in which the court held that the statutory limitation in § 1441(b) does not defeat removal in instances where an otherwise

---

[5] Excluding the day of service, thirty days after May 22, 2008 fell on June 21, 2008. Because June 21, 2008 was a Saturday, Fountain Park was required to remove by Monday, June 23, 2008. *See* FED. R. CIV. P. 6.

completely diverse case involves an uninterested forum-defendant which has neither been joined nor served in the action. *Id*. at *2.

### C. Amount in Controversy

Where the amount of damages is not specified in the complaint, the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Among other things, the Court may look to the notice of removal, as well as evidence akin to summary-judgment-type evidence presented after removal, to determine whether the jurisdictional amount has been satisfied. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948-49 (11th Cir. 2000).

Here, Plaintiff has failed to include a specified amount of damages in the Complaint, but has alleged, *inter alia*, that as a result of Defendants' negligence the decedent "[S]uffered bodily injury and resulting pain and suffering from which she died due to causes related to drowning on June 7, 2007;" that decedent's survivors have "[S]uffered future loss of support and services, mental pain and suffering, and medical expenses due to decedent's injury and death;" and that decedent's survivors have suffered "[L]oss of prospective net accumulations of the decedent's estate, and medical and funeral expenses due to decedent's injury and death." (Doc. 2 at 5 and 7). For their part, Defendants have only averred "that the value of the claimed damages exceeds $75,000.00," and that the decedent's "medical expenses alone exceed $100,000.00." (Doc. 30 at 3 and 4). Plaintiff does not deny these allegations.

To be sure, however, Defendants conclusory allegations, while clearly reasonable in a wrongful death action of this type, do not constitute evidence upon which the Court may conclude

that the jurisdictional minimum of $75,000.00 has been satisfied in this case. *Williams*, 269 F.3d at 1319-20. However, requests for admission do. Accordingly, the Court will reserve ruling on the amount of controversy in this case pending admissions by the Plaintiff as to the amount of damages incurred. Defendants will have five (5) days from the entry of this Order to propound requests for admission upon Plaintiff's counsel regarding damages in this case; Plaintiff's counsel will have (5) days after receipt of the requests to propound the answers.[6] Alternatively, Plaintiff may immediately withdraw its Second Motion to Remand without leave to re-file.

### D. Plaintiff's Request for Attorney's Fees

Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

## IV. Conclusion

For the foregoing reasons, the Court concludes that, absent Defendants' failure to timely establish the requisite jurisdictional amount in controversy - at the time of removal - by requests for admission or other competent evidence, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (2007).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 12, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[6]To expedite this matter, counsel will file their requests for admission and the responses thereto with the Court using the CM/ECF system. All other discovery matters in this case, however, will be in accordance with the Local Rules.