**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENSON A. GUZMAN DIAZ, as Personal**
**Representative of the Estate of Jenmarie**
**Guzman Gonzalez,**
                    **Plaintiff,**

**-vs-**                                      **Case No.  6:08-cv-1009-Orl-31GJK**

**FOUNTAIN PARK PARTNERS,**
**FOUNTAIN PARK HOSPITALITY, INC..**
**AND AMERICAN GUARANTEE AND**
**LIABILITY INSURANCE COMPANY,**

                    **Defendants.**
_____/

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's Third Motion to Remand and Motion for Attorneys' Fees (Docs. 42 and 43), and Defendants' response in opposition thereto (Doc. 45).

**I.  Background**

On May 15, 2008, Plaintiff, Jenson A. Guzman Diaz ("Plaintiff"), filed a wrongful death action in the Ninth Judicial Circuit Court in and for Osceola County against Defendants, Fountain Park Partners, Westmont Hospitality Group, Inc. ("Westmont"), and American Guarantee and Liability Insurance Company ("American Guarantee").  In his initial Complaint, Plaintiff alleged that the decedent, his twelve-year-old daughter, drowned after an accident in a swimming pool owned and managed by Fountain Park Partners and Westmont, respectively.

With the consent of American Guarantee (Doc. 1, Ex. D), Fountain Park Partners and Westmont removed the State court action to federal court on June 20, 2008, predicating removal upon 28 U.S.C. § 1332 (diversity of citizenship) (Doc. 30 at 2).

On August 27, 2008, Plaintiff filed his Second[1] Motion to Remand (Doc. 31), arguing, *inter alia*, that 28 U.S.C. § 1441(b) precluded removal. In rejecting Plaintiff's argument, the Court held that the unambiguous language of 28 U.S.C. § 1441(b) did not defeat removal where an otherwise completely diverse case involved an uninterested forum-defendant which had neither been joined nor served in the action (Doc. 33 at 6). More specifically, the Court found that the Florida citizenship of Fountain Park Partners' general partner, Fountain Park Partners, Inc., did not preclude removal under 28 U.S.C. § 1441(b) inasmuch as Fountain Park Partners, Inc. had neither been joined nor served in the instant action.

Subsequent to the Court's Order denying Plaintiff's Second Motion to Remand, Plaintiff sought, and was granted, leave to amend the Complaint (Docs. 38 and 40). Because Plaintiff sued the wrong hotel management company in his initial Complaint, Plaintiff's Amended Complaint substituted a new Defendant, Fountain Park Hospitality, Inc., for Westmont (Doc. 41). Fountain Park Hospitality, Inc. is a Florida corporation with its principle place of business in Texas.

As a result of the Amended Complaint, the Defendants properly joined and served in this case now include: Fountain Park Partners ("FP Partners"), Fountain Park Hospitality, Inc. ("FP Hospitality"), and American Guarantee. Plaintiff is a citizen of Puerto Rico.[2] FP Partners is a

---

[1]Plaintiff's First Motion to Remand was denied without prejudice in light of Defendants' Amended Notice of Removal (Doc. 28).

[2]*See* Order denying Plaintiff's Second Motion to Remand (Doc. 33 at 2 n. 1).

citizen of Delaware and Texas. FP Hospitality is a citizen of Florida and Texas. American Guarantee is a citizen of New York and Illinois. Notwithstanding, then, the addition of FP Hospitality in the Amended Complaint, none of the Defendants are citizens of Puerto Rico. Accordingly, there remains complete diversity between the parties.[3]

In his Third Motion to Remand, however, Plaintiff again contends that this Court lacks diversity jurisdiction and should remand this action to the State court. In support of the motion, Plaintiff makes two arguments, both of which rest on the forum defendant rule. First, Plaintiff contends that a partner of FP Partners, Fountain Park Enterprises, Inc., is a Florida citizen, and thus a forum defendant. Second, Plaintiff contends that FP Hospitality, which has recently been joined and served as a result of the Amended Complaint, is a Florida citizen, and thus a forum defendant.

The Court clearly considered, and rejected, Plaintiff's first argument in its detailed opinion of September 12, 2008, denying Plaintiff's Second Motion to Remand (Doc. 33). Without any citation to new authority or recitation of a change in facts, Plaintiff's renewed argument on this issue is wholly without merit. Fountain Park Enterprises, Inc. is simply not a properly joined or served party in this case. Accordingly, the Court rejects Plaintiff's first ground for remand. The Court addresses Plaintiff's second ground for remand, *infra*.

**II. Analysis**

As previously noted by the Court, actions founded solely upon diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a

---

[3]Furthermore, all parties now agree that this wrongful death controversy exceeds $75,000.00 (Doc. 34).

citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) ("§ 1441(b)" or the "forum defendant rule"). Thus, even in cases such as this one, where there is complete diversity between the parties, a defendant may not remove a case brought in a State court sitting in the same State in which any properly joined and served defendant is a citizen. At the time Defendants removed the instant action from Florida State court, however, no properly joined or served Defendant was a citizen of Florida. Thus, the question before the Court now is whether a subsequently joined and served Florida citizen – who was made a defendant approximately three months after removal – defeats diversity.

While the Eleventh Circuit has never addressed this precise question, it has joined the overwhelming majority of circuits[4] in concluding that the forum defendant rule is a waivable procedural requirement – not a jurisdictional necessity. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998). In a similar vein, the Eleventh Circuit has concluded that the amount in controversy requirement – while jurisdictional at the time of removal – is not subject to events subsequent to removal which might bring the amount in controversy below the requisite $75,000.00 threshold. *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000) (noting that the amount in controversy in removal cases is determined at the time of removal only), *overruled on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007).

---

[4]*See, e.g.*, *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n. 3 (3d Cir. 1999); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970); *Handely-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924). Indeed, the only circuit court which appears to have concluded that § 1441(b) is jurisdictional – rather than procedural – is the Eighth Circuit. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 n. 1 (8th Cir. 1992).

Accordingly, controlling Eleventh Circuit precedent strongly suggests that the Court must consider the propriety of removal under § 1441(b) only at the time of removal – not at the time a diverse, forum defendant is later joined and served in an action.

In addition to existing Eleventh Circuit precedent, the majority of courts which have addressed the precise question before the Court have concluded that the subsequent addition of a forum defendant, which does not have the effect of destroying complete diversity, does not deprive the court of subject matter jurisdiction or necessitate remand. *See*, *e.g.*, *Spencer v. U.S. District Court for the Northern District of Cal.*, 393 F.3d 867, 871 (9th Cir. 2004)("We conclude that the post-removal joinder of...a 'forum defendant'...did not oust the district court of subject-matter jurisdiction. The forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed."); *Vitatoe v. Mylan Pharms., Inc.*, 2008 WL 3540462, Case. No. 1:08-cv-85 (N.D. W.Va. 2008)(service upon diverse forum defendant subsequent to removal does not permit remand under 28 U.S.C. § 1441(b)); *Zuurbier v. Medstar Health, Inc.*, 306 F. Supp. 2d 1, 8 (D. D.C. 2004)(post-removal addition of diverse forum defendant does not work a remand under 28 U.S.C. § 1441(b)); *Devore v. Transport Tech. Corp.*, 914 F. Supp. 355, 357 (W.D. Mo. 1996) (28 U.S.C. § 1441(b) does not retroactively mandate remand when diverse defendant who is citizen of forum state is joined after removal).

Plaintiff offers no legal authority contrary to the foregoing precedents. Instead, Plaintiff argues that Defendants deliberately removed a case which they knew could not be removed because of, *inter alia*, FP Hospitality's Florida citizenship. Indeed, had Plaintiff sued the correct management company and served same at the outset of the litigation, there is no question that the forum defendant rule would have necessitated remand. The reality, however, is that Plaintiff did

not timely serve the correct Defendant. Plaintiff cannot now shift the risk of his own procedural error to Defendants. In short, Plaintiff has waived his right to do so.

### III. Conclusion

Based on the foregoing, Plaintiff's Third Motion to Remand (Doc. 42) and Plaintiff's Motion for Attorneys' Fees (Doc. 42) are **DENIED**. The Court retains jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 23, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE